```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


THANCO PRODUCTS AND IMPORTS,    §
INC., a Texas Corporation,      §
                                §
           Plaintiff,           §
                                §
v.                              §   CIVIL ACTION NO. H-08-3046
                                §
GEORGE VLASIOS KONTOS, an       §
Individual, and DOES 1-25,      §
                                §
           Defendants.          §
```

## MEMORANDUM OPINION AND ORDER

Plaintiff, Thanco Products and Imports, Inc., a Texas corporation, brings this action against defendants, George Vlasios Kontos, an individual, and Does 1-25, for trademark infringement, false designation of origin, trademark dilution, unfair competition, and cancellation or assignment of trademark registration in violation of federal and state law. Pending before the court is plaintiff's Request to Enter Default (Docket Entry No. 10). For the reasons explained below, the court concludes that Thanco has properly served Kontos with the summons and complaint in accordance with the requirements of Federal Rule of Civil Procedure 4(e)(2)(B), but that Thanco's Request to Enter Default should be denied and the time for Kontos to answer Thanco's complaint shall run from the date of entry of this Memorandum Opinion and Order.

## I. <u>Background</u>

Plaintiff seeks entry of default pursuant to Federal Rule of Civil Procedure 55(a).  Federal Rule of Civil Procedure 55(a) provides:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  In support of its request for entry of default Thanco submits the affidavit of Seth I. Appel stating that:

> 2.   Plaintiff filed its complaint in this matter on October 13, 2008.  Plaintiff proceeded to serve Defendant George Vlasios Kontos ("Defendant") in multiple ways, and has gone out of its way to give Defendant every opportunity to respond to the complaint.  Defendant still has not filed an answer or other response to the complaint, or otherwise appeared in this action.  Therefore, the Clerk should enter his default.
>
> 3.   As evidenced by the return of service filed on December 10, 2008, included as No. 7 in the Court's electronic docket and attached hereto as Exhibit A, Plaintiff effected substitute service on Defendant on December 8, 2008.  Specifically, Plaintiff had Daniel Wozniak, a licensed private investigator, leave the summons and complaint with Defendant's mother, Martha Kontos, at 217 Scenic Drive, King, North Carolina, the home of both Defendant and Ms. Kontos.  Therefore, under the Federal Rules of Civil Procedure, Defendant's answer to the complaint was due on December 28, 2008.
>
> 4.   Substitute service is effected by "leaving a copy of [the summons and complaint] at the [defendant's] dwelling or usual place of abode with someone of suitable age and discretion who resides there."  FRCP 4(e)(2).
>
> 5.   As evidenced by the attached exhibits, Defendant's "dwelling or usual place of abode" is 217 Scenic Drive, King, North Carolina.  Likewise, Martha Kontos resides at, and in fact owns, 217 Scenic Drive, King, North Carolina.

6.   Attached hereto as Exhibit B is Defendant's Voter Profile and Voter Registration Application on file with the Stokes County Board of Elections, which reflects his address of 217 Scenic Drive.  Defendant filed this application on October 10, 2008 — three days before Plaintiff filed the complaint in this action.

7.   Attached hereto as Exhibit C are shipping records reflecting shipments to Defendant over the past two years at his 217 Scenic Drive address.

8.   Attached hereto as Exhibit D is the North Carolina General Warranty Deed on file with the Stokes County Register of Deeds evidencing Ms. Kontos's ownership of 217 Scenic Drive.

10.  Attached hereto as Exhibit E is a Certificate of Assumed Name, also on file with the Stokes County Register, filed by Ms. Kontos and identifying her address as 217 Scenic Drive.

11.  Exhibits B, C, D, and E are all publicly available records subject to judicial notice under Rule 201 of the Federal Rules of Evidence.  See Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (court may take judicial notice of public records) . . .

12.  Upon information and belief, Defendant is not a minor, nor an incompetent person, nor a member of the military per the Soldiers' and Sailors' Civil Relief Act of 1940.[1]

Defendant George Vlasios Kontos has filed a Special Appearance and Opposition to Plaintiff Thanco Products and Imports, Inc.'s Motion for Default Judgment (Docket Entry No. 11), in which he contests the sufficiency of the service of process effected upon him.  Citing Federal Rule of Civil Procedure 5(b)(2), Kontos argues that plaintiff has failed to properly serve the complaint because

---

[1]Affidavit of Seth I. Appel, attached to Request to Enter Default, Docket Entry No. 10, pp. 1-3 ¶¶ 2-12.

217 Scenic Drive is his parents' residence and is not his dwelling or usual place of abode.[2]  In support of this argument, Kontos has submitted his own affidavit in which he states that his dwelling or usual place of abode is at Kontouriotou 37, Neoi Epivates, Thessaloniki, Greece 57109.[3]  Kontos argues that

> [t]he voter registration information attached as an exhibit to the Motion . . . do[es] nothing to show that 217 Scenic Drive is "defendant's dwelling house or usual place of abode."  Rather, it simply shows that . . . the Defendant, who has dual Greek and U.S. citizenship, uses his parent's address for his address of record as required for purposes of registering to vote.  That does not change that it is NOT his usual place of abode.[4]

## II.  **Analysis**

**A.  Applicable Law**

Service of process must occur in accordance with Federal Rule of Civil Procedure 4.  Absent proper service of process, the court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void.  See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999) (citing Fed. R. Civ. P. 60(b)(4)).  Absent proper service

---

[2] Defendant George Vlasios Kontos' Special Appearance and Opposition to Plaintiff Thanco Products and Imports, Inc.'s Motion for Default Judgment, Docket Entry No. 11, pp. 1-2 ¶¶ 2-5.

[3] Declaration of George Vlasios Kontos, attached to Docket Entry No. 11, ¶ 6.

[4] Defendant George Vlasios Kontos' Special Appearance and Opposition to Plaintiff Thanco Products and Imports, Inc.'s Motion for Default Judgment, Docket Entry No. 11, p. 2 ¶ 6.

under Federal Rule of Civil Procedure 4, the court lacks personal jurisdiction over the defendants independent of any actual notice defendants might have received. See Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 108 S.Ct. 404, 409 (1987) (valid service of process is a prerequisite to a court's exercise of personal jurisdiction over defendants). Where, as here, defendant has received actual notice of an action, requirements governing service of process are to be "broadly construed." Nowell v. Nowell, 384 F.2d 951, 953 (5th Cir. 1967), cert. denied, 88 S.Ct. 1053 (1968).

**B.   Discussion**

Thanco claims that service of process was effected under Federal Rule of Civil Procedure 4(e)(2)(B), which governs service of process on individuals in the United States. This subsection provides, in pertinent part, that "an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by . . . leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Kontos argues that service was inadequate because 217 Scenic Drive, King, North Carolina, is not his "dwelling or usual place of abode." Kontos does not dispute that his mother, with whom the summons and complaint were left, is a "person of

suitable age and discretion then residing" at 217 Scenic Drive, King, North Carolina.

The court is called upon to determine whether 217 Scenic Drive, King, North Carolina, was Kontos' "dwelling or usual place of abode," terms that have eluded "any hard and fast definition." <u>National Development Co. v. Triad Holding Corp.</u>, 930 F.2d 253, 256 (2d Cir.), <u>cert. denied sub nom.</u> <u>Khashoggi v. National Development Co.</u>, 112 S.Ct. 440 (1991). <u>See also</u> <u>Karlsson v. Rabinowitz</u>, 318 F.2d 666, 668 (4th Cir. 1963). Thanco cites three cases in support of its argument that it is unrealistic to interpret Rule 4(e)(2)(B) so that the person to be served has only one dwelling house or usual place of abode at which process may be left: (1) <u>National Development</u>, 930 F.2d at 253; (2) <u>Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang</u>, 105 F.3d 521, 524 (9th Cir. 1997); and (3) <u>Ali v. Mid-Atlantic Settlement Services, Inc.</u>, 233 F.R.D. 32, 36 (D.D.C. 2006) ("an individual may have more than one 'dwelling house or usual place of abode,' provided each contains sufficient indicia of permanence . . . [and a]n individual need not be living in that place at that time in order for it to qualify as his usual place of abode for purposes of Rule 4(e)").

In <u>National Development</u> the court found that a defendant's New York apartment was his "dwelling or usual place of abode" even though the defendant had resided there for only 34 days during the preceding year. 930 F.2d at 256. In so finding, the court upheld

a default judgment entered against the defendant.  Id.  The court explained that in an age of high-speed international travel, the terms "dwelling or usual place of abode" are not as concrete as when the Federal Rules of Civil Procedure were written years ago. Id. at 257.  The court noted that with approximately 1.16 billion passengers annually in international airline travel and an estimated five million people with second homes in the United States, determining one's "dwelling" is not as clear cut "as in those early days of yesteryear."  Id. at 254.  The defendant in National Development was a citizen of Saudi Arabia who traveled between residences in Saudi Arabia, Spain, Italy, France, Monte Carlo, and the United States who sought to vacate a default judgment by challenging the effectiveness of service made at his New York apartment.  In grappling with the phrase "dwelling or usual place of abode" contained in Rule 4's Bankruptcy equivalent, Rule 7004(b), the Second Circuit observed that "[t]here is nothing startling in the conclusion that a person can have two or more 'dwelling houses or usual places of abode,' provided each contains sufficient indicia of permanence."  Id. at 257.  The court found that service was effective despite the defendant's relatively short stay at the New York apartment during the previous calendar year.

In Stars' Desert Inn the plaintiff brought suit against the defendant, a citizen of Taiwan, to recover a gambling debt.  105 F.3d at 522.  Based on information acquired through independent

investigation plaintiff determined that the defendant resided in a guarded and gated community in Beverly Hills. After being denied access to the gated community on six different occasions by the gate guard, the process server left the summons and complaint with the gate guard. Defendant filed a motion to quash arguing that as a citizen of Taiwan, he could only be served in accordance with Rule 4(f) governing service upon individuals in a foreign country. Defendant also argued that even if Rule 4(f) did not apply, plaintiff failed to serve him properly under Rule 4(e) because the Beverly Hills residence was not his "dwelling or usual place of abode." The district court found that there was convincing evidence that the defendant lived at the residence where service was effected, and that service was therefore proper under Rule 4(e)(2). Id. Citing National Development, the Ninth Circuit agreed that the defendant had been effectively served pursuant to Rule 4(e)(2). Id. at 524 (recognizing that a person can have more than one dwelling or usual place of abode for purposes of Rule 4(e)).

In Ali the plaintiff brought suit against a law student. A process server left the summons and complaint with the defendant's mother at his permanent address. The affidavit filed by the process server in support of plaintiff's argument that service had been properly effected stated that the person with whom the summons and complaint were left "admitted to living there with and is the

mother/co-occupant of the Defendant." 233 F.R.D. at 37. Concluding that the service effected upon the defendant's mother at his permanent address satisfied the requirements of Rule 4(e)(2), the court stated

> Noble has offered no affidavit controverting the Liggins affidavit in any respect. The uncontroverted facts in the record — Paula Nobel's confirmation on November 13, 2002 that Noble resided at 113 Cree Drive with her, and Noble's Cree Drive address listing on the University of Pennsylvania internet directory — establish that 113 Cree Drive was Noble's permanent residence while he was away at school. Nor does Noble's affidavit deny that his mother accepted the papers from the process server, or that he received them via his mother, or that he received actual notice of the litigation. In the absence of any claim that he never received actual notice, the rules of service are to be liberally construed. Accordingly, the Cree Drive service in November 2002 was effective under Rule 4(e)(2).

Id.

The cases on which Thanco relies teach that for purposes of Rule 4(e)(2)(B) courts determine what constitutes a "dwelling or usual place of abode" on the basis of the particular facts of each case. Kontos cites no authority showing otherwise. Accordingly, based on the evidence presented here the court concludes that Thanco has successfully served the summons and complaint on Kontos pursuant to Fed. R. Civ. P. 4(e)(2)(B) because 217 Scenic Drive, King, North Carolina, qualifies as Kontos' "dwelling house or usual place of abode" in the United States.

Like the Saudi defendant in National Development who traveled between residences located in various countries, Kontos claims to

have dual citizenship in both the United States and Greece and to travel between the two countries.  Thanco has produced unrefuted evidence that in 2006 Kontos shipped "used personal effects" from Greece to 217 Scenic Drive, King, North Carolina,[5] that on October 10, 2008, Kontos executed a Voter Registration Application/ Update Form on which he identified 217 Scenic Drive, King, Stokes County, North Carolina, as his residence, and that on November 4, 2008, Kontos voted in a general election held in Stokes County.[6]  Although Kontos states in the affidavit that he has submitted in opposition to Thanco's motion for entry of default that his parents live at 217 Scenic Drive, King, North Carolina, while he is a full-time resident of Greece, Kontos also admits that he "periodically visit[s his] parents in the United States."[7] Moreover, Kontos has not submitted any evidence that the 217 Scenic Drive address is not his dwelling house or usual place of abode while he is in the United States.[8]  Nor does Kontos dispute that he

---

[5]See Exhibit C attached to Request to Enter Default, Docket Entry No. 10.

[6]See Exhibit B attached to Request to Enter Default, Docket Entry No. 10.

[7]Declaration of George Vlasios Kontos attached to Defendant George Vlasios Kontos' Special Appearance and Opposition to Plaintiff Thanco Products and Imports, Inc.'s Motion for Default Judgment, Docket Entry No. 11.

[8]See Defendant George Vlasios Kontos' Special Appearance and Sur-Reply in Opposition to Plaintiff Thanco Products and Imports, Inc.'s Motion for Default Judgment, Docket Entry No. 13, p. 2
(continued...)

received actual notice as a result of the summons and complaint left with his mother at 217 Scenic Drive, King, North Carolina. The court concludes that the evidence of service effected upon Kontos by leaving the summons and complaint with his mother at 217 Scenic Drive, King, North Carolina, satisfies the requirements of Rule 4(e)(2)(B) because 217 Scenic Drive, King, North Carolina, qualifies as Kontos' "dwelling or usual place of abode" in the United States.

**C.  Conclusions**

For the reasons explained above, the court concludes that Thanco has sustained its burden of proof with respect to having effected service of process on Kontos pursuant to Federal Rule of Civil Procedure 4(e)(2)(B) at his "dwelling or usual place of abode."

**III.  Conclusions and Order**

Although the court has concluded that Thanco's service of process upon Kontos satisfies the requirements of Federal Rule of Civil Procedure 4(e)(2)(B), the court is not persuaded that Thanco's motion for entry of default should be granted. Accordingly, Thanco's Request to Enter Default (Docket Entry No. 10) is **DENIED,** and the time for Kontos to file an answer to Thanco's complaint shall run from the date of entry of this

---

[8](...continued)
(acknowledging that Kontos periodically visits his parents in the United States).

Memorandum Opinion and Order.  The initial pretrial and scheduling conference will be held on May 1, 2009, at 2:00 p.m., in Courtroom 9-B, 9th Floor, United States Courthouse, 515 Rusk Street, Houston, Texas.  The joint discovery/case management plan will be filed by April 21, 2009.

    **SIGNED** at Houston, Texas, on this the 3rd day of March, 2009.

                                    SIM LAKE
                       UNITED STATES DISTRICT JUDGE