IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THANCO PRODUCTS AND IMPORTS, INC., a Texas Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-3046 |
| GEORGE VLASIOS KONTOS, an Individual, and DOES 1-25, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant George Vlasios Kontos' Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 15). In opposition to the motion, plaintiff Thanco Products and Imports, Inc. ("Thanco") has filed Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Docket Entry No. 17), Declaration of Thanos Drimalas in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Docket Entry No. 18), and Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Docket Entry No. 19). For the reasons explained below, the court concludes that it may exercise personal jurisdiction over Kontos for the purposes of this action and will deny his motion to dismiss.

## I. **Background**

Plaintiff Thanco is a Texas corporation. Kontos, the defendant, is an individual. Kontos asserts that he is a dual citizen of the United States and Greece, and that he resides primarily in Greece.[1] Both parties offer products, including t-shirts, bearing the "GOT OUZO?" trademark.[2] Both parties market their products to Greek Orthodox churches in order to sell them at Greek festivals, which are organized by many Greek Orthodox churches throughout the United States.[3]

Thanco initiated this action against Kontos and other unidentified defendants on October 13, 2008, asserting claims for

---

[1] This court concluded in a previous Memorandum Opinion and Order that Kontos has a "dwelling place or usual place of abode" in the United States in North Carolina. See Memorandum Opinion and Order, Docket Entry No. 14 (March 3, 2009).

[2] Declaration of Thanos Drimalas In Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 18, ¶¶ 2-3; Registrant's Response to First Set of Interrogatories, Interrogatory No. 5, Thanco Prods. & Imps., Inc. v. Kontos, No. 92048746 (T.T.A.B. July 7, 2008) (included in Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit B).

[3] Declaration of Thanos Drimalas In Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 18, ¶ 3; Registrant's Response to First Set of Interrogatories, at Interrogatory No. 2, Thanco Prods. & Imps., Inc. v. Kontos, No. 92048746 (T.T.A.B. July 7, 2008) (included in Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit B). See also Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit F (printout of Greek Festivals, http://www.buygreekart.com/greekfest-new.php).

-2-

trademark infringement, false designation of origin, trademark dilution, unfair competition, and cancellation or assignment of trademark registration under federal and state law.[4] Kontos now moves the court to dismiss this action under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Kontos contends that he has insufficient contacts with Texas for the court to permissibly exercise jurisdiction over him.

## II. Standard of Review

When a foreign defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the plaintiff 'bears the burden of establishing the district court's jurisdiction over the defendant.'" Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 343 (5th Cir. 2002) (quoting Mink v. AAAA Development LLC, 190 F.3d 333, 335 (5th Cir. 1999)). "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper.'" Id. (quoting Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994)). "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of

---

[4]See Complaint for Trademark Infringement, False Designation of Origin, Trademark Dilution, Unfair Competition, and Cancellation or Assignment of Trademark Registration, Docket Entry No. 1.

-3-

the recognized methods of discovery.'"  Id. at 344 (quoting Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985)).  The court must accept as true uncontroverted allegations in the plaintiff's complaint and must resolve all factual conflicts in the plaintiff's favor.  See Adams v. Unione Mediterranea Di Sicurta, 364 F.3d 646, 650 (5th Cir. 2004).

## III.  The Limits of the Court's Personal Jurisdiction

Under the Federal Rules of Civil Procedure, this court may exercise personal jurisdiction over a properly served nonresident defendant, such as Kontos, if a state court of general jurisdiction in Texas could do so.[5]  See Fed. R. Civ. P. 4(k)(1)(A); Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 424 (5th Cir. 2005). Therefore, two requirements must be satisfied.  First, Texas' long-arm statute must confer personal jurisdiction over the defendant. See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006); Fielding, 415 F.3d at 424.  Second, the exercise of jurisdiction must be consistent with the Due Process Clause of the Fourteenth Amendment.  Seiferth, 472 F.3d at 270; Fielding, 415 F.3d at 424.

Texas' long-arm statute confers personal jurisdiction to the full extent that the Due Process Clause allows.  Fielding, 415 F.3d at 424-25; CSR Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996).

---

[5]The court concluded in a previous Memorandum Opinion and Order that Thanco properly served Kontos.  See Memorandum Opinion and Order, Docket Entry No. 14 (March 3, 2009).

-4-

Therefore, the court's personal jurisdiction inquiry is reduced to a single question: whether exercising personal jurisdiction over the defendant would violate due process. See Fielding, 415 F.3d at 424-25; CSR Ltd., 925 S.W.2d at 594.

To establish that the exercise of specific personal jurisdiction over the defendant is consistent with the Due Process Clause, the plaintiff must first show that the defendant has "minimum contacts" with the forum state.[6] Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378-79 (5th Cir. 2002). Second, the plaintiff must show that its claims "'arise out of' the defendant's contacts with the forum state." Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 472 (5th Cir. 2006) (citing Shaffer v. Heitner, 97 S. Ct. 2569, 2580 (1977); Nuovo Pignone, 310 F.3d at 378). If the plaintiff is able to make the first two showings, the court will have jurisdiction unless the defendant is able "to show that the assertion of jurisdiction is unfair and unreasonable." Nuovo Pignone, 310 F.3d at 382.

## IV. Analysis

**A. Minimum Contacts**

A defendant develops contacts with a forum state by "purposefully avail[ing] itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and

---

[6]Thanco does not allege that Kantos is subject to general jurisdiction in Texas.

protections of its laws." Hanson v. Denckla, 78 S. Ct. 1228, 1240 (1958). The contacts are sufficient to justify the exercise of personal jurisdiction if the defendant "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen Corp. v. Woodson, 100 S. Ct. 559, 567 (1980). "A single purposeful contact may confer jurisdiction." Luv N' care, Ltd., 438 F.3d at 470 n.3 (citing McGee v. Int's Life Ins. Co., 78 S. Ct. 199, 200 (1957)). Additionally, "[w]hen a nonresident defendant commits a tort within the state, or an act outside the state that causes tortious injury within the state, that tortious conduct amounts to sufficient minimum contacts with the state . . . ." Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 628 (5th Cir. 1999).

Kontos asserts in his motion to dismiss that he "has never made, sold, offered for sale or used any product bearing the [GOT OUZO?] mark in Texas," and therefore, that his contacts with Texas are insufficient to support jurisdiction.[7] He further contends that any marketing or sales of products in Texas that may have occurred were conducted by a licensee of the GOT OUZO? mark, not by him personally.[8] Kontos, however, does not offer an affidavit or any other evidence with his motion to support these claims. Moreover, Thanco has offered evidence that directly contradicts them.

---

[7]Defendant George Vlasios Kontos' Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 15, at 3.

[8]Id. at 3-5.

Kontos is the registered owner of U.S. Trademark No. 3,246,800, for the GOT OUZO? mark.[9]  In January of 2008, several months before this action was initiated, Thanco brought a Cancellation Proceeding, No. 92048746, in the United States Patent and Trademark Office ("the Cancellation Proceeding") seeking to cancel Kontos' GOT OUZO? trademark registration.[10]  While conducting discovery for the Cancellation Proceeding, Thanco propounded interrogatories to Kontos,[11] and Kontos provided verified responses.[12]  In his verified responses Kontos admitted that "[t]he [GOT OUZO?] mark has been advertised and marketed to every Greek Orthodox Church in the United States."[13]  He referred Thanco to the website for the Greek Orthodox Archdiocese of America, www.goarch.org, "for a current listing of churches."[14]  The Parish

---

[9] See Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, ¶ 3.

[10] Id.  The Cancellation Proceeding is currently stayed pending the outcome of this action.  Id.

[11] See Petitioner's First Set of Interrogatories, Thanco Prods. & Imps., Inc. v. Kontos, No. 92048746 (T.T.A.B. May 30, 2008) (included in Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit A).

[12] See Registrant's Response to First Set of Interrogatories, Thanco Prods. & Imps., Inc. v. Kontos, No. 92048746 (T.T.A.B. July 7, 2008) (included in Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit B).

[13] Id. at Interrogatory No. 2.  See also id. at Interrogatory No. 11.

[14] Id. at Interrogatory No. 11.

Directory section of the Archdiocese's website lists seventeen Greek Orthodox churches in Texas.[15] Of the churches in Texas, five of them -- two in Houston, one in Galveston, one in Corpus Christi, and one in Webster -- are located within the Southern District of Texas.[16] Kontos further stated that he had offered his products "through in-person contacts, telephone calls, trade shows, e-mails, and direct mailings with representatives of Greek Orthodox Churches in the United States."[17]

Kontos was also asked in an interrogatory to "[i]dentify each third party that you have licensed to offer goods or services under the mark GOT OUZO?"[18] He responded with one word: "[n]one."[19]

---

[15] Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit C (printout of Parish Directory Search Results, http://www.goarch.org/parishes/parish_results, after searching for parishes located in Texas).

[16] See id.

[17] Registrant's Response to First Set of Interrogatories, at Interrogatory No. 10, Thanco Prods. & Imps., Inc. v. Kontos, No. 92048746 (T.T.A.B. July 7, 2008) (included in Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit B).

[18] Petitioner's First Set of Interrogatories, at Interrogatory No. 15, Thanco Prods. & Imps., Inc. v. Kontos, No. 92048746 (T.T.A.B. May 30, 2008) (included in Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit A).

[19] Registrant's Response to First Set of Interrogatories, at Interrogatory No. 15, Thanco Prods. & Imps., Inc. v. Kontos, No. 92048746 (T.T.A.B. July 7, 2008) (included in Declaration of Seth I. Appel in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Docket Entry No. 19, at Exhibit B).

Therefore, Kontos cannot now claim, without offering any substantiating evidence, that he licensed the GOT OUZO? mark and that any marketing or sales activity in the forum state was the work of an unidentified licensee. The court must conclude, based on the evidence in the record, that Kontos himself engaged in the marketing and sale of the GOT OUZO? products.

Advertising that is only "reasonably calculated to reach the [forum] state," such as advertising in a "nationally circulated trade publication," without more, is insufficient to support personal jurisdiction. Loumar, Inc. v. Smith, 698 F.2d 759, 763-64 (5th Cir. 1983). Advertising, however, that is specifically aimed at the forum state in a "sufficiently purposeful" manner, such as an advertisement in a local telephone directory, may be sufficient. See id. at 764 (distinguishing Sisking v. Villa Foundation for Education, Inc., 642 S.W.2d 434 (Tex. 1982), which held that defendant had established sufficient minimum contacts with Texas to support personal jurisdiction by advertising in a local telephone directory). See also Int'l Truck & Engine Corp. v. Quintana, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (concluding that defendant has sufficient contacts with Texas based on its "use of the [allegedly infringing] trademark in connection with soliciting business in the State of Texas").

The evidence presented by Thanco suggests that Kontos acted purposefully in reaching out to potential customers in Texas. According to his verified interrogatory responses, he marketed his

GOT OUZO? products directly to seventeen Greek Orthodox churches in Texas, including five in the Southern District of Texas.  Kontos purposefully sought to "enter[] the [Texas] marketplace and sought the benefits of doing business there."  Oreck Corp. v. U.S. Floor Systems, Inc., 803 F.2d 166, 170 (5th Cir. 1986).

In addition to offering evidence of Kontos' deliberate marketing of the GOT OUZO? mark to customers in Texas, Thanco has alleged that the effects of Kontos' allegedly infringing use of the mark have been felt in Texas.  See Guidry, 188 F.3d at 628.  Specifically, Thanco asserts in its Complaint that Kontos' use of the mark has "caused ongoing injury to Thanco, a citizen and resident of Texas."[20]  Because Kontos does not controvert this assertion, the court must accept it as true.  See Adams, 364 F.3d at 650.  Based on Kontos' deliberate marketing of his products directly to Texas consumers and Thanco's uncontroverted assertion that the effects of Kontos' conduct has been felt in Texas, the court concludes that Thanco has satisfied its burden to show that Kontos had sufficient minimum contacts with Texas.

**B.   Connection of Claims and Contacts**

Thanco must next show that its claims are directly related to Kontos' contacts with Texas.  See Luv N' care, Ltd., 438 F.3d at

---

[20]Complaint for Trademark Infringement, False Designation of Origin, Trademark Dilution, Unfair Competition, and Cancellation or Assignment of Trademark Registration, Docket Entry No. 1, ¶ 2.

-10-

472-73.  Thanco asserts claims for, among other things, trademark infringement, false designation of origin, unfair competition, and violation of the Texas anti-dilution statute.  All of these claims arise, at least in part, out of Kontos' use and advertisement of the GOT OUZO? mark in Texas.  Moreover, the damages for which Thanco seeks compensation are effects of Kontos' allegedly wrongful use of the mark that have been incurred in the state of Texas.  Therefore, Thanco's claims arise out of Kontos' contacts with Texas.

**C.   Traditional Notions of Fair Play and Substantial Justice**

Because Thanco has made a prima facie showing that Kontos has sufficient minimum contacts with Texas and that its claims arise from Kontos' contacts with Texas, Kontos can only avoid the court's jurisdiction if he can "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."  Burger King v. Rudzewicz, 105 S. Ct. 2174, 2185 (1985).  In other words, Kontos must prove that the court's entertainment of the suit against him would offend "traditional notions of fair play and substantial justice."  Asahi Metal Indus. Co. v. Superior Court of Cal., 107 S. Ct. 1026, 1033 (1987).  In evaluating the reasonableness of the exercise of jurisdiction over the defendant, the court should consider several factors:  (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interest

-11-

of the interstate judicial system in obtaining the most efficient resolution of the controversy, and (5) the interest of the states in furthering substantive social policies.  Id. (citing World-Wide Volkswagen, 100 S. Ct. at 564).

Kontos focuses his argument only on his lack of contacts with Texas and does not address any of the five factors the court must consider for the reasonableness inquiry.  Therefore, he has not presented a "compelling case" that exercising jurisdiction over him would be unreasonable.  Burger King, 105 S. Ct. at 2185.  Moreover, the court concludes that at least four of the five factors favor jurisdiction over Kontos in this case.

Assuming arguendo that Kontos lives primarily in Greece as he claims, defending this suit in Texas may be somewhat burdensome for him.  Texas, however, has a strong interest in protecting one of its citizens, Thanco, from trademark infringement and/or other tortious and anti-competitive activity.  Thanco has a substantial interest in enforcing its rights in its home state -- a state in which Kontos actively sought to sell the allegedly infringing GOT OUZO? trademark.  Because this action involves Texas state law claims, in addition to federal claims, it can be most efficiently adjudicated in Texas.  Furthermore, Texas, more than any other state, has the greatest interest in advancing its substantive social policies.  Accordingly, exercising personal jurisdiction over Kontos in this action does not offend traditional notions of fair play and substantial justice.

## V.  Order

For the reasons stated above, Defendant George Vlasios Kontos' Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 15) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 29th day of April, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE